UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JOSEPH MILLER,

             Plaintiff,             Case No. 2:25-cv-98

v.                                          Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

             Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim on which relief may be granted.

**Discussion**

**I.       Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues the MDOC, LMF Warden Douglas Tasson, an unidentified captain at LMF designated as Unknown Party #1, and an unidentified prisoner counselor/residential unit manager designated as Unknown Party #2.

Plaintiff's factual allegations, in their entirety, read as follows:

> On the day of March 20, 2025, I was in my room and a C/O ask[ed] for a shakedown, which I complied [with]. As I was walking down the hall, I s[aw] my unit prisoner counselor[, presumably Unknown Party #2,] put her gloves on. She then joined the C/O to shake me down. So after they were finished the C/O told me to go back to my room. About an[] hour later a Sgt. and two C/O[s] came to my door and t[old] me to get dressed and come take a walk. I do as [I am] told [and] I got handcuffed at the door. So I ask the Sgt. what is going on? He repl[ied] and sa[id] he d[id] not know. As I get to segregation I continue[d] to ask question[s] about why, but no one seem[ed] to know anything. So, I'm in my cell in seg and the seg C/O said something about a threatening behavior [misconduct]. So when I found out everything my nerves g[o]t bad because I kn[e]w I [was] being set up. So I ask for medical, which I was denied. So after [making my] medical request and no one show[ed], I panic[ked] and board[ed] my window. Then I g[o]t pepper sprayed and sent to isolation which only stress[ed] me out more. Now I'm not getting my food and I ended up losing seventeen pounds in three days. Results, the facility ro[de] me out and I'm seeking damages.

(Compl., ECF No. 1, PageID.3.)[1]

Plaintiff seeks compensatory damages.

---

[1] In this opinion, the Court corrects capitalization, spelling, grammar, and punctuation in quotations from Plaintiff's filings.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Defendant MDOC

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Because the MDOC is not a "person" who may be sued under § 1983 for money damages, Plaintiff has failed to state a claim against the MDOC on which relief may be granted.

### B.  Defendants Warden Tasson and Unknown Party #1

Plaintiff makes no allegations regarding the involvement of Defendants Warden Tasson and Captain Unknown Party #1.[2] It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising

---

[2] The Court presumes that Unknown Party #2 is the gloved counselor who participated in the shakedown. If that is not the case, Plaintiff has also failed to make any allegations regarding Unknown Party #2.

from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). In Plaintiff's factual allegations, he fails even to mention Defendants Tasson or Unknown Party #1. With regard to those Defendants, therefore, Plaintiff's allegations fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

It is possible that Plaintiff intends to hold these high-ranking officials liable for the misconduct of their subordinates simply by virtue of their respective positions. But government officials, such as Defendants Tasson and Unknown Party #1, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson*

*v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).

Here, Plaintiff fails to allege any facts showing that Defendants Tasson or Unknown Party #1 encouraged or condoned the conduct of any other person mentioned in the complaint or authorized, approved, or knowingly acquiesced in the conduct. Conclusory allegations of a supervisory relationship are simply insufficient to show that higher ranking Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights by subordinates. *See, e.g., Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers*, 368 F.3d at 888. Therefore, Plaintiff has failed to state a claim on which relief may be granted against Defendants Tasson or Unknown Party #1.

### C. Defendant Unknown Party #2

Plaintiff alleges that Unknown Party #2 donned gloves and participated in a shake down of Plaintiff. He makes no other allegations against Unknown Party #2. The crux of Plaintiff's complaint is that he was falsely accused of a "threatening behavior" misconduct and then mistreated in segregation and isolation. Plaintiff does not connect the acts he alleges regarding Unknown Party #2 to any of the purported constitutional violations. Accordingly, Plaintiff has failed to state a claim against Unknown Party #2 on which relief may be granted. *See, e.g.*, *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   May 21, 2025                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge